By the Court.
We see no error in the judgment of the circuit court. By the sixth clause of section.2732, Revised Statutes, “All buildings belonging to institutions of purely public charity, together with the lands actually occupied by such institutions, not leased or otherwise used with a view to profit, ” are exempt from taxation. This exemption is authorized by the constitution of the state. The court found *270 that the camp meeting association is such an institution, and holds all its lands and property purely for the same purpose. And “that none of said real estate is leased by plaintiff, nor is any of said real estate in any manner used with a view of profit, nor has any of said real estate been either leased or used for profit.” And though charges .are made for the use of certain privileges, these are not inconsistent with the finding, that none of its property is leased or used with a view to profit. None of its lands, as shown by the finding, are used for any other purpose than to provide for the convenience and comfort of those who may attend the meeting; and these are not sufficient to meet the expenses of the association, and have to be met in part by donations from those interested in the maintenance of the meeting. So that the charges are not then made with a view to profit.
The auditor relies principally, on two cases heretofore decided by this court. In the case of Cincinnati College v. The State, 19 Ohio, 110, after a fire, the buildings of the college were restored, and were constructed with special reference to a renting of a part of them for secular purposes, such as stores for the carrying on of ordinary business, and. were so rented for profit only, not to uses that would be ancillary to the necessary uses and purposes of the college, such as dormitories and the like. Such parts of the buildings so constructed and rented, were held subject to taxation; and the same distinction exists in the case of Library Association v. Pelton, 36 Ohio St., 253.

Judgment affirmed.